IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| CARL LANE, | ) | |
| | ) | |
| Plaintiff | ) | 1:25-CV-00224-SPB |
| | ) | |
| vs. | ) | SUSAN PARADISE BAXTER |
| | ) | United States District Judge |
| Z. MOSLAK, CHIEF HEARING | ) | |
| EXAMINER; RANDY IRWIN, | ) | RICHARD A. LANZILLO |
| SUPERINTENDENT; I. GUSTAFSON, | ) | Chief United States Magistrate Judge |
| DEPUTY SUPERINTENDENT; J. | ) | |
| BLICHA, DEPUTY | ) | REPORT AND RECOMMENDATION |
| SUPERINTENDENT; J. | ) | ON DEFENDANTS' MOTION TO |
| ALEXANDER, MAJOR OF UNIT | ) | DISMISS |
| MANAGEMENT; A. EISENMAN, | ) | |
| CORRECTIONS CLASSIFICATION | ) | |
| PROGRAM MANAGER; D. MUNTZ, | ) | RE: ECF NO. 11 |
| HEARING EXAMINER; AND C. | ) | |
| BURKHARDT, CORRECTIONAL | ) | |
| OFFICER, | ) | |
| | ) | |
| Defendants | | |

I.    Recommendation

The Defendants' motion to dismiss Plaintiff's Complaint is before the undersigned for report and recommendation.  For the reasons explained below, it is respectfully recommended that the motion be GRANTED.

II.    Report

A.  Relevant Procedural Background

Plaintiff Carl Lane ("Lane"), formerly an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution

at Forest ("SCI-Forest")[1], commenced this action in the Court of Common Pleas of Forest County, Pennsylvania, against eight SCI-Forest officials to recover damages and injunctive relief for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to be free from retaliation for engaging in protected conduct.[2] Defendants removed this case to this Court on July 18, 2025. *See* ECF No. 2. Lane's Complaint remains the operative pleading before the Court. ECF No. 2-1. It asserts two claims under 28 U.S.C. § 1983: Count 1, an Eighth Amendment conditions of confinement claim against all Defendants; and Count 2, a First Amendment retaliation claim against all Defendants. Lane seeks compensatory and punitive damages and declaratory and injunctive relief.

The Defendants have moved to dismiss the claims against them, arguing that (1) the Complaint fails to state an Eighth Amendment claim because the conditions of Lane's confinement in the RHU did not amount to cruel and unusual punishment; (2) the Complaint fails to state a First Amendment retaliation claim because it does not allege facts to support that Lane engaged in protected conduct; and (3) Lane's claims for damages against Defendants in their official capacities are barred by the Eleventh Amendment. *See* ECF No. 12 (Brief in Support of Motion to Dismiss). The

---

[1] Lane was an inmate at SCI-Forest during the events relevant to this action. He remains in the custody of the DOC but is currently housed at the State Correctional Institution in Benner Township.

[2] The eight Defendants are: (1) Chief Hearing Examiner Zachary Moslak; (2) Former Superintendent Randy Irwin; (3) Deputy Superintendent Ian Gustafson; (4) Deputy Superintendent De John Blicha; (5) Major of Unit Management Jennifer Alexander; (6) Corrections Classification Program Manager Amanda Eisenman; (7) Hearing Examiner Diane Muntz; and (8) Correctional Officer Corey Burkhardt. *See* ECF No 2-1.

motion has been fully briefed. *See* ECF No. 12 (Defendants' brief); ECF No. 18 (Lane's brief).

    B. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations of the complaint and views them in a light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). Furthermore, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

While a complaint does not require detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts alleged in the

complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must the court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Put another way, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Finally, because Lane is proceeding pro se, his Complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the Court can reasonably read his pro se pleading to state a valid claim upon which relief can be granted, it will do so despite his failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be unartfully drawn and should be read "with a measure of tolerance"). But "any pleading must still contain sufficient factual allegations that, when accepted as true, 'state a claim to relief that is plausible on its face.'" *Heffley v. Steele*, 2019 WL 5092127, at *4 (W.D. Pa. Oct. 11, 2019), *aff'd*, 826 Fed. Appx. 227 (3d Cir. 2020) (citations omitted).

C. Factual Allegations

For purposes of the pending motion to dismiss, the Court accepts as true the following factual allegations of the Complaint.

On September 3, 2023, at approximately 7:35 p.m., Lane was locked in his assigned cell, FB1004, lying down and listening to music on his personal tablet device. ECF No. 2-1, ¶ 13.[3] At this time, all F-unit cell doors were opened remotely from the unit control booth to allow inmates participating in dayroom and unit yard activities to return to their assigned cells. Before Lane could get up from his bed to close the cell door, inmate Skylar Shaffer (QC9375, assigned to cell FB2044) entered Lane's cell, attacked him with an improvised weapon, and demanded Lane's tablet device. Lane, semi-conscious and unable to flee or summon help because Shaffer blocked both the cell door and the emergency call button, was forced to defend himself.

Two minutes later, around 7:37 p.m., Defendant Burkhardt responded to the disturbance, separating Lane and Shaffer. Both inmates were taken to the infirmary, where they were photographed, assessed, treated, and cleared for medical release. They were then escorted to J-Unit and confined under pre-hearing confinement status pending service of their respective misconduct reports.

Officer Burkhardt issued DOC Form DC-141 #D451643 charging Shaffer with Class 1 misconduct for "fighting" and "presence in an unauthorized area" for entering Lane's cell. Shaffer was also charged with "possession of contraband" after an after-

---

[3] The relevant factual allegations are in paragraphs 13-34 of Lane's Complaint (ECF No. 2-1). Citations to the pleading are omitted except for quoted allegations.

incident inspection of cell FB1004 revealed the improvised weapon—a D-sized battery tied in a sock—on the floor.

Burkhardt later issued DOC Form DC-141 #D561644 charging Lane with Class 1 misconduct for "fighting" and for "possession of contraband" related to Shaffer's improvised weapon found on the floor of Lane's cell. Burkhardt thus treated Lane and Shaffer as mutual combatants and equal rule violators. Lane alleges that Burkhardt failed to protect him and refused to investigate the incident. He also alleges that Burkhardt denied the SCI-Forest Security Office the opportunity to investigate before issuing Lane's misconduct report.

On September 4, 2023, the SCI-Forest Security Office investigated the attack. On September 8, 2023, at 9:10 a.m., Lane appeared at a disciplinary hearing before Officer Muntz regarding misconduct report #D561643. Shaffer pled guilty to "fighting" and "possession of contraband." Muntz imposed sanctions on Shaffer totaling 90 days in the RHU. At 9:24 a.m., Muntz dismissed without prejudice Lane's misconduct report #D561644 as it had not been approved by Captain Clouser as required by DOC policy DC-ADM 801.

On September 11, 2023, Officer Burkhardt re-charged Lane with DC-141 #D068689. On September 25, 2023, Lane appeared before Officer Muntz, entered not guilty pleas, and submitted a written account of the incident with Shaffer. Officer Muntz interrupted Lane, stating, "…but you fought back, you cannot fight back." Officer Muntz found Lane guilty of "fighting," but he dismissed the "possession of

contraband" charge. Officer Muntz sanctioned Lane to 30 days of confinement in the RHU.

On September 18, 2023, Lane submitted a first-level appeal to the Prison Review Committee ("PRC"), arguing that the 30-day disciplinary custody sanction was disproportionate because his conduct constituted self-defense. On September 19, 2023, Defendants Eisenman, Alexander, Blicha, and Gustafson, as members of the PRC, upheld the guilty finding and denied Lane's request to reduce the misconduct from Class 1 to Class 2. Lane timely submitted a second-level appeal to Defendant Irwin on September 21, 2023. On September 29, 2023, Irwin denied the appeal via a form response that did not specifically address the issues Lane had raised. On October 1, 2023, Lane timely submitted his final-level appeal to the DOC Office of Chief Hearing Examiner. On October 25, 2023, Defendant Moslak denied the appeal via form response, which Lane asserts failed to address the raised issues. As a result of the disciplinary hearing conviction, Lane was denied parole.

D. Discussion

> 1. The Complaint fails to allege facts to state a claim for cruel and unusual punishment based on Lane's placement in the RHU.

Lane's Complaint alleges that the Defendants violated his Eighth Amendment rights by confining him in the RHU for thirty days as punishment for engaging in self-defense against another inmate's attacks. *See* ECF No. 2-1, ¶ 37. The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the necessities of life, such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825,

832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must allege facts, which if proven, support two findings: (1) the deprivation to which the plaintiff was subjected was "objectively, 'sufficiently serious,'" and "(2) the 'prison official [had] a sufficiently culpable state of mind.'" *Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020) (quoting *Farmer*, 511 U.S. at 834). The first element of the test can be satisfied in either of two ways. First, it is met when an inmate is deprived of "the minimal civilized measure of life's necessities." *See id.* (citing *Wilson v. Setter*, 501 U.S. 294, 299 (1991)). Alternatively, it is satisfied when an inmate "is incarcerated under conditions that pose a substantial risk of serious harm." *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 441 (3d Cir. 2020) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019) (internal quotation marks omitted)). Although an inmate need not show actual injury to satisfy the first element of the claim, only "extreme deprivations" support a sufficiently serious deprivation. *Fantone v. Herbik*, 528 Fed. Appx. 123, 127 (3d Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)). "The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights." *Id.* (citing *Wilson*, 501 U.S. at 302–03).

"[B]y virtue of their convictions, inmates must expect significant restrictions, inherent in prison life, on rights and privileges free citizens take for granted." *McKune v. Lile*, 536 U.S. 24, 39-40 (2002). Furthermore, "prisoners have no inherent

constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment." *Myers v. Folerezell*, 2023 WL 8478013, at *4 (M.D. Pa. Dec. 7, 2023) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). *See also, Podhorn v. Grondolsky*, 350 Fed. Appx. 618, 620 (3d Cir. 2009) (reiterating that "prisoners have no constitutional right to be assigned to a particular institution, facility or rehabilitative program"). Accordingly, the Defendants' placement of Lane in disciplinary custody cannot support an Eighth Amendment claim absent factual allegations to demonstrate that the Defendants denied him the minimal civilized measure of life's necessities or incarcerated him under conditions posing a substantial risk of serious harm. His allegations support no such finding. Not only does the Complaint allege no facts regarding the conditions of Lane's confinement in the RHU, but his brief concedes that those conditions did not violate his rights under the Eighth Amendment. Instead, he alleges only that he was wrongfully confined in the RHU. *See* ECF No. 18, ¶ 2. Because the Complaint acknowledges that Lane was not subjected to unconstitutional conditions of confinement in the RHU, it fails to state an Eighth Amendment claim against any Defendant, and this claim should be dismissed with prejudice.

> 2. The Complaint fails to allege that Lane engaged in protected conduct to support a First Amendment retaliation claim.

To establish illegal retaliation in the prison context, a plaintiff must allege facts to support that: (1) he engaged in constitutionally protected conduct; (2) he

suffered an adverse action at the hands of prison a official; and (3) his constitutionally protected conduct was a substantial or motivating factor in the official's decision to take the adverse action. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001). Lane premises his retaliation claim on the proposition that engaging in self-defense is a constitutionally protected activity. *See* ECF No. 2-1, ¶ 38. He is incorrect. Prisoners have no constitutional right to self-defense. *See Rowe v. DeBruyn*, 17 F.3d 1047, 1052–53 (7th Cir. 1994) (prisoners do not have a fundamental right to defend charges of misconduct in prison disciplinary proceedings on the basis that they acted in self-defense). Accordingly, prison officials may impose sanctions against an inmate for fighting even where the inmate acted in self-defense. *See id.*

To the extent Lane relies on the Second Amendment to the Constitution as support for a fundamental right to defend oneself, his reliance is misplaced. In *District of Columbia v. Heller*, the United States Supreme Court held that the Second Amendment "confer[s] an individual right to keep and bear arms" for traditionally lawful purposes, such as self-defense within the home. 554 U.S. 570, 595 (2008). But this holding addressed gun rights of individuals outside of prison. It did not pronounce a constitutional right of self-defense. And, in any event, imprisonment necessarily entails that an inmate lose many of the rights ordinary citizens enjoy. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Hudson v. Palmer*, 468 U.S. 517, 525 (1984). "[P]risons must be able to curtail a prisoner's constitutional rights not only to further correctional goals, such as retribution or deterrence, but also to serve

10

institutional objectives, the most basic of which is the internal security of the prisons themselves." *Rowe*, 17 F.3d at 1049 (citing *Pell v. Procunier*, 417 U.S. 817, 823–24 (1974)). Regarding inmate-on-inmate violence, Eighth and Fourteenth Amendment rights focus on the obligation of prison official to respond to such threats, not on any right of inmates to engage in self-defense. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (prison officials have a duty to protect inmates from known risks of harm by other inmates). Lane cannot base the "protected conduct" element of his retaliation claim on his engaging in self-defense, as no such federal constitutional right exists. Accordingly, it is recommended that Lane's First Amendment claim against Defendants be dismissed with prejudice.

> 3. The Eleventh Amendment bars Lane's official capacity claims for compensatory damages.

Lane's Complaint seeks compensatory and punitive damages against Defendants in their respective official and individual capacities, as well as declaratory judgment and injunctive relief. To the extent he seeks money damages against the Defendants in their official capacities, his claims are barred by the Eleventh Amendment, which proscribes actions for money damages in the federal courts against states, their agencies, and state officials acting in their official capacities. *See Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274 (1977) (state agencies); *Edelman v. Jordan*, 415 U.S. 651 (1974) (state employees acting in their official capacity). The DOC is an agency of the Commonwealth of Pennsylvania, and, as such, it and its agents and employees acting in their official capacities are immune from monetary

11

damages. *See Brown v. Smith*, 2019 WL 2411749 (W.D. Pa. June 7, 2019). It is therefore recommended that Lane's claims for monetary relief against the Defendants in their official capacities be dismissed with prejudice.[4]

### E. Conclusion

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss be GRANTED, and that Plaintiff's claims be dismissed. It is further recommended that the Court dismiss Lane's claims with prejudice because any attempt to amend would be futile. Lane cannot cure the deficiency of his Eighth Amendment claim because he conceded that he does not challenge his conditions of confinement in the RHU as cruel and unusual, but only challenges the misconduct finding that resulted in his placement in the RHU. He cannot cure the deficiency of his First Amendment retaliation claim because he bases that claim on a constitutional right—the right of a prisoner to engage in self-defense—that does not exist.

### III.   Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days

---

[4] The Eleventh Amendment does not bar official-capacity claims for injunctive relief. Accordingly, Lane's request that his disciplinary hearing conviction be expunged from his institutional record (ECF No. 2-1, p. 8) is not barred. However, because the Complaint fails to state any constitutional claim, any request for injunctive relief also fails.

from the date of service of objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2).

Failure to file timely objections may waive appellate rights. *See Brightwell v.*

*Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir.

2007).

DATED this 29th day of April 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE