**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARL LANE,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 25-224 Erie** |
| | ) | |
| **v.** | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Chief Magistrate Judge Richard Lanzillo** |
| **Z. MOSLAK, et al.,** | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Carl Lane, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"),[1] originally commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 in the Court of Common Pleas of Forest County, Pennsylvania. Defendants removed the case to this Court pursuant to a Notice of Removal dated July 18, 2025 [ECF No. 1], and the matter was referred to Chief United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The complaint asserts claims against eight SCI-Forest staff members: Chief Hearing Examiner Z. Moslak; Superintendent Randy Irwin; Deputy Superintendents I. Gustafson and J. Blicha; Major of Unit Management J. Alexander; Corrections Classification Program Manager A. Eisenman; Hearing Examiner D. Muntz; and Corrections Officer C. Burkhardt. Plaintiff seeks to recover damages and injunctive relief for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to be free from retaliation for engaging in protected conduct. [ECF No. 1-1]. Plaintiff's claims arise from his

---

[1]    Plaintiff is currently incarcerated at the State Correctional Institution at Benner Township.

confinement in the RHU for thirty days as punishment for engaging in self-defense against another inmate's attacks.

On October 23, 2025, Defendants filed a motion to dismiss all claims against them for failure to state claims upon which relief may be granted. [ECF No. 11]. The motion was fully briefed by the parties.

On April 29, 2026, Chief Magistrate Judge Lanzillo issued a report and recommendation ("R&R") recommending that Defendants' motion be granted and that all of Plaintiff's claims be dismissed with prejudice. [ECF No. 21]. In particular, Judge Lanzillo found that Plaintiff's Eighth Amendment claim fails because he does not challenge the conditions of his RHU confinement, but merely alleges that he was wrongfully confined in the RHU (Id. at p. 9); and Plaintiff's retaliation claim must be dismissed because he has failed to establish that he engaged in constitutionally protected conduct.[2] Objections to the R&R were due to be filed by May 18, 2026; however, no objections have been received by the Court.

Thus, after *de novo* review of all relevant documents and pleadings in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 22nd day of May, 2026,

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 11] is GRANTED and all of Plaintiff's claims against Defendants are DISMISSED with prejudice. The report and recommendation of Chief Magistrate Judge Lanzillo, issued April 29, 2026 [ECF No. 21], is adopted as the opinion of the court.

---

[2] The R&R notes that Plaintiff "premises his retaliation claim on the proposition that engaging in self-defense is a constitutionally protected activity;" however, Judge Lanzillo correctly found that engaging in self defense does not invoke a federal constitutional right. (ECF No. 21, at p. 11).

The Clerk is directed to mark this case CLOSED.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        Chief U.S. Magistrate Judge

        All parties of record